UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEANNETTE L. AUSTIN,

    Plaintiff,                                          CASE NO.:

v.

THE FLORIDA LOTTERY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JEANNETTE L. AUSTIN ("Austin and/or Plaintiff"), hereby sues Defendant, THE FLORIDA LOTTERY ("Lottery and/or Defendant"), and alleges:

### NATURE OF THE ACTION

1. This action is filed *nunc pro tunc* pursuant to the Court's August 1, 2019 Order [ECF Doc. 21] in Case No. 4:19-CV-168-AW-CAS.

2. This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"); the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and 42 U.S.C. § 1981.

3. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (federal question) and the ADEA.

4. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Northern District of Florida.

## THE PARTIES

5. At all times pertinent hereto, Plaintiff, JEANNETTE AUSTIN, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race and age.

6. At all times pertinent hereto, Defendant, THE FLORIDA LOTTERY, has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

7. Plaintiff has satisfied all conditions precedent to bringing this action by timely filing a charge of discrimination with the Florida Commission on Human Relations and the EEOC.

## STATEMENT OF FACTS

8. Plaintiff has been employed by Defendant since October 26, 1987.

9. Plaintiff is a 56-year-old African American female.

10. Plaintiff began her employment as an Intelligence Analyst. She was promoted to Intelligence Manager in or about October 2010, which is the position she currently holds.

11. As a Lottery Intelligence Manager, she supervised four employees as part of her job responsibilities.

12. Plaintiff was and continues to be subjected to discriminatory treatment because of her race, age and in retaliation for reporting such discrimination.

13. The discriminatory treatment was executed by Director of Security, Ron Cave, a white male; Deputy Director of Intelligence, Gina Blanton, a white female; and Deputy Director of Security, Clyde "Jeff" Merritt, a white male.

14. In March 2015, then Director of Security and Plaintiff's supervisor, Mark Glass, resigned from employment with Defendant. Mr. Merritt was named Interim Director of Security from March 27, 2015 through April 3, 2015.

15. Ms. Blanton, a younger white female, was hired as Deputy Director of Intelligence in August 2015. Ms. Blanton became Plaintiff's direct supervisor.

16. Ms. Blanton was given essentially the same job duties that Plaintiff previously performed and she was paid more than Plaintiff.

17. On September 11, 2015, Plaintiff received a poor evaluation authored by Jeff Merritt. Mr. Merritt had not supervised Plaintiff during any substantial portion of relevant evaluation period, in fact, he was her co-worker. In fact, during the evaluation period, July 1, 2014 through June 30, 2015, Plaintiff was supervised, at various times, by Mark Glass, Jeff Merritt, Ron Cave and Regina Blanton.

18. This evaluation was the worst evaluation that Plaintiff ever received and she made a complaint to Chief of Staff, Tony Philpott about it.

19. After her complaints, Mr. Cave gave Plaintiff an unjustified written reprimand.

20. Ms. Blanton was tasked with tracking everything Plaintiff did and Mr. Cave told Ms. Blanton that Plaintiff was a "problem employee".

21. Ms. Blanton began to treat Plaintiff like her assistant, not like a supervisor and made every effort to barrage her with emails and other work.

22. In January 2016, Plaintiff met with Nyla Davis in Human Resources and explained the discriminatory issues she was having and asked about possibly being transferred out of the Division.

23. On January 29, 2016, Plaintiff filed a charge of discrimination with the FCHR and EEOC, EEOC #511-2016-00955.

24. After the filing of this charge, Plaintiff was removed from Ms. Blanton's supervision by Mr. Cave and Berlin Jones and was placed under the supervision of Mr. Merritt until his resignation in November 2017.

25. Since the filing of her initial charge, Plaintiff has been continuously retaliated and discriminated against.

26. Plaintiff has not received any raises, while other employees who have not reported discrimination have.

27. Additionally, in December 2018, Plaintiff's job duties and responsibilities were reduced and she was moved from security into operations.

28. In January, 2019, Mr. Cave tells Plaintiff she has to move her office so that Ralph Paige, a white male, can have her office space. Plaintiff is moved into a file room.

29. Plaintiff filed a second charge of discrimination on or about January 15, 2019 for the ongoing discrimination and retaliation.

30. Mr. Cave left employment with Defendant in or about April 2019 and Ms. Blanton now works in Human Resources.

31. The actions Defendant has taken against Plaintiff were for no other reason than because of her race, age and as retaliation for complaining of discrimination and filing a charge of discrimination.

32. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I
## VIOLATION OF TITLE VII RACE DISCRIMINATION

33. Paragraphs 1-32 are re-alleged and incorporated herein as if set forth in full.

34. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §§ 2000e *et seq.*

35. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendant and was subjected to differential treatment on the basis, at least in part, of her race.

36. Defendant is liable for the treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff.

37. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

38. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §§ 2000e *et seq*.

39. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to equitable relief.

### COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES § 760.10 RACE DISCRIMINATION

40. Paragraphs 1-32 are re-alleged and incorporated herein by reference.

41. Defendant discriminated against Plaintiff on the basis of her race with respect to terms, conditions, and privileges of her employment in violation of § 760.10(1)(a) and (b), Florida Statutes.

42. Plaintiff is a member of a protected class within the meaning of the applicable law.

43. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

44. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief.

## COUNT III
## VIOLATION OF §1981 RACE DISCRIMINATION

45. Paragraphs 1-32 are re-alleged and incorporated herein as if set forth in full.

46. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

47. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendant and was subjected to differential treatment on the basis, at least in part, of her race.

48. Defendant is liable for the discriminatory treatment towards Plaintiff.

49. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

50. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

51. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to equitable relief.

## COUNT IV
## VIOLATION OF ADEA

52. Paragraphs 1-32 are re-alleged and incorporated herein by reference.

53. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*.

54. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost pay, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to injunctive and equitable relief.

## COUNT V
## TITLE VII RETALIATION

55. Paragraphs 1-32 are re-alleged and incorporated herein by reference.

56. Defendant retaliated against Plaintiff because she made a discrimination complaint which is protected activity.

57. Plaintiff engaged in protected activity by reporting discrimination and is therefore a member of a protected class within the meaning of the applicable law.

58. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost pay, and other tangible and intangible damages. These

damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to injunctive and equitable relief.

## COUNT VI
## FCRA RETALIATION

59. Paragraphs 1-32 are re-alleged and incorporated herein by reference.

60. Defendant retaliated against Plaintiff in violation of the Florida Civil Rights Act of 1992.

61. Plaintiff engaged in protected activity by reporting discrimination and is therefore a member of a protected class within the meaning of the applicable law.

62. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b)  that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)  enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)  grant such other further relief as being just and proper under the circumstances

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 4th day of September 2019.

/s/ Tiffany R. Cruz
Tiffany R. Cruz
Florida Bar No.: 90986
Kevin C. Kostelnik
Florida Bar No.: 0118763
FRIEDMAN, ABRAHAMSEN & CRUZ
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Tiffany@fa-lawyers.com
Kevin@fa-lawyers.com
Paralegal@fa-lawyers.com
COUNSEL FOR PLAINTIFF